IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOODMAN OF THE WORLD/ OMAHA WOODMAN LIFE INSURANCE SOCIETY, a Nebraska Corporation, and WOODMAN FINANCIAL SERVICES, INC., a Nebraska Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>TED W. RUDOLPH, BARTON D. RUDOLPH, and DARRIN B. RUDOLPH,<br><br>    Defendants. | 8:06CV423<br><br>TEMPORARY RESTRAINING ORDER |

This matter is before the court on this 9th day of June, 2006, upon the plaintiff's motion for a temporary restraining order. The plaintiff appeared by and through Kenneth W. Hartman of Baird Holm LLP, 1500 Woodmen Tower, Omaha, Nebraska 68102. None of the defendants appeared nor was counsel present on behalf of the defendants.

The Court has considered the allegations in the complaint, the plaintiff's motion for temporary restraining order, the affidavits of Kenneth W. Hartman, Mark D. Theisen, Agatha C. Robinson and James A. Schwartz in support of the motion for temporary restraining order and the briefs submitted by both the plaintiffs and the defendants. The Court notes that each defendant has entered into a registered representative agreement (See Ex. 2(B), 2(D) and 2(F)) with Woodman Financial Services, Inc. ("WFS"). These agreements reflect that WFS and each

defendant is registered with the National Association of Securities Dealers, Inc. ("NASD").  As such, all disputes arising under these agreements are subject to arbitration.  In addition, each agreement defendants have entered with the plaintiffs (See Exs. 2(A)-(F)) also mandate arbitration of all disputes.  Under NASD rules and the Federal Arbitration Act defendants will be able to raise issues relating to the validity of the contracts or unconscionability.  In consideration of all the foregoing, the Court finds that the motion for a temporary restraining order should be granted and that immediate and irreparable injury, loss, and damage will result to the plaintiff if the motion is not granted.  Accordingly,

IT IS THEREFORE ORDERED that the Defendants Ted W. Rudolph, Barton D. Rudolph and Darrin B. Rudolph are enjoined from prosecuting or causing to be prosecuted in the proceeding in the Commonwealth of Kentucky captioned Rudolph Bros. Financial Group, Inc. v. Woodman of the World/Omaha Woodman Life Assurance Society and Woodman Financial Services, Inc., Case No. 06 CI 082 (June 2, 2006) or any other lawsuit involving issues required to be arbitrated pursuant to their contractual agreements with plaintiffs.

IT IS FURTHER ORDERED, defendants, and others acting in concert with defendants, are enjoined from soliciting plaintiffs' clients and business.

IT IS FURTHER ORDERED that this temporary restraining order shall remain in effect until the earlier of ten (10) days after issuance or further order of this court, unless within such time period and for good cause shown, this temporary restraining order is extended by the court, or unless the defendants consent to a longer period.

IT IS FURTHER ORDERED that the plaintiff is not required to post a bond or cash.

IT IS FURTHER ORDERED that a hearing on the plaintiff's petition to compel arbitration shall be heard before this Court in Courtroom No. 5, Roman L. Hruska, U.S. Courthouse, 111 S. 18th Plaza, Omaha, Nebraska, commencing at **10:00 a.m. on the 19th day of June, 2006**.

IT IS FURTHER ORDERED that plaintiffs shall cause this order to be served upon the defendants and the defendants' counsel in a timely manner as provided by the Federal Rules of Civil Procedure.

DATED this 9th day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court