IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WOODMEN OF THE WORLD/OMAHA      )
WOODMEN LIFE INSURANCE          )
SOCIETY, a Nebraska             )
corporation, and WOODMEN        )
FINANCIAL SERVICES, INC., a     )
Nebraska corporation,           )
                                )
          Plaintiffs,           )       8:06CV423
                                )
     v.                         )
                                )
TED W. RUDOLPH, BARTON D.       )       ORDER
RUDOLPH and DARRIN B. RUDOLPH,  )
                                )
          Defendants.           )
_____)
```

This matter is before the Court on plaintiffs' Petition to Compel Arbitration (Filing No. 1). The Court held a hearing on that Petition on June 19, 2006, at which Kenneth W. Hartman and Kirk S. Blecha appeared on behalf of plaintiffs. Defendants did not appear, but before the hearing the Court received written submissions from Mark S. Medlin, a Kentucky attorney who represented to this Court that he represents defendants. Prior to the hearing on the Petition to Compel Arbitration, the Court held a hearing on June 9, 2006, on plaintiffs' Motion for a Temporary Restraining Order ("TRO"). The Court granted that Motion, entered a TRO and set a hearing for June 19, 2006, on plaintiffs' Petition to Compel Arbitration under the defendants' respective agreements evidenced by the Woodmen Advantage Contracts and the Woodmen Financial Services Registered Representative Agreements. Plaintiffs contended at the hearing on the TRO that both the Advantage Contracts and the Registered

Representative Agreements required the parties to submit all disputes to arbitration.

Since the entry of the TRO, the parties have represented to the Court that the matters at issue are subject to arbitration under the Advantage Contracts and under the Registered Representative Agreements. As the defendants agree that they are proceeding to arbitration of these disputes, the Court will grant plaintiffs' Petition to Compel Arbitration.

Plaintiffs also seek injunctive relief compelling the defendants to comply with the terms of their agreement. "In the Eighth Circuit, courts should not grant injunctive relief unless there is qualifying contractual language that permits it." *Aristo Indust., Inc. V. Sho-Me Livestock Coop.*, Inc., 2006 U.S. Dist. LEXIS 33669 (D. S.D. May 16, 2006)(*citing Manion v. Nagin*, 255 F.3d 535 (8th Cir. 2001). The Eighth Circuit defined "qualifying contractual language" as "language which provides the court with clear grounds to grant relief without addressing the underlying arbitrable dispute." *Manion*, 255 F.3d at 539 *(quoting Peabody Coalsales Co. v. Tampa Elec. Co.*, 36 F.3d 46, 47 n.2 (8th Cir. 1994)).

The *Manion* Court found that contract language which contemplated "the possibility of interim judicial relief" does not automatically entitle a party to injunctive relief. *Id*. The *Manion* Court declined to grant injunctive relief because the contract language lacked the clear and explicit contractual language which the *Peabody* Court found compelled an injunction.

-2-

Furthermore, the *Manion* Court found that the plaintiff "could not satisfy the traditional requirements for injunctive relief, particularly the threat of irreparable harm."  *Id*.

The Court finds that the Advantage Contracts and the Registered Representative Agreements lack the qualifying contractual language necessary to permit injunctive relief. Accordingly,

IT IS ORDERED:

1)   Plaintiffs' Petition to Compel Arbitration (Filing No. 1) is granted, and the parties shall proceed to arbitration pursuant to the Advantage Contracts and the Registered Representative Agreements.

2)   The Court retains jurisdiction over this action.

3)   Plaintiffs' request for a preliminary and permanent injunction enforcing the terms of the Advantage Contracts and the Registered Representative Agreements pending the outcome of the arbitration proceedings is denied.

4)   Plaintiffs shall inform the Court upon the termination of such arbitration proceedings.

DATED this 20th day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, District Judge
United States District Court